## Tscheschlog v. Hillside Manor Inn, Inc.

*John M. McClure,* for plaintiff.
*William J. Schmidt,* for defendants Town Tavern & Doe(s)
*E. Jerome Brose,* for all other defendants.

BECKERT, *J.,* January 24, 1985—On July 16, 1982, plaintiff Daniel Tscheschlog was a passenger in a motor vehicle driven by his 16 year old friend who, on that night, drove the two of them from their home in Pennsylvania to the Town Tavern and Hillside Manor Inn in New Jersey where they were served alcoholic beverages. Unfortunately, on their return trip to Pennsylvania, they were involved in an automobile accident which resulted in plaintiff losing his left eye. This action was commenced to recover damages against both of the aforementioned business establishments, as well as a number of other named individuals and corporations affiliated with those businesses in various capacities.

Defendants have filed preliminary objections to the complaint against them, on the basis of lack of in personam jurisdiction. Very simply, they aver that none of defendants was in any manner "doing

business" so as to be subject to the long-arm jurisdiction of the courts of this Commonwealth and our county. We agree.

The complaint and plaintiff's answers to defendants' preliminary objections do not aver facts which could support the conclusion that defendant businesses and their various owners were actively engaged in solicitation of customers in this Commonwealth. Plaintiff's averments do not go beyond statements indicating that the two business establishments catered to a clientele which included a large number of Pennsylvania residents, that a number of patrons over an extended period of time had consumed alcoholic beverages there in New Jersey and then returned to their homes in Pennsylvania, and that numerous patrons of the bars had, over an extended period of time, by word of mouth enticed and encouraged other people here in Pennsylvania to patronize the New Jersey establishments. Furthermore, plaintiff points out that the Hillside Manor Inn, although physically located in New Jersey, is situated in very close proximity to the Pennsylvania border, so that it should somehow arguably be subject to the jurisdiction of our courts.

Proximity to the order of a sister state does not confer jurisdiction in Pennsylvania over a defendant, even though located nearby, in that neighboring state. See Goff v. Armbrecht Motor Truck Sales, Inc., 284 Pa. Super. 544, 426 A.2d 628 (1980). There, it was determined that the act of selling a motor vehicle in Ohio by an Ohio corporation did not make the seller subject to the jurisdiction of our courts, where that vehicle was later involved in an accident here. Since, on the basis of the facts pleaded in this action today, we find no suggestion that any of the defendants were themselves actively involved in doing business within Pennsylvania, we

believe plaintiff's complaint must be dismissed on jurisdictional grounds, as was done in two other recent cases decided in our Commonwealth. In Long v. Conowingo Inn, Inc., 68 Lanc. 293 (1982) on similar facts, the Court of Common Pleas of Lancaster County dismissed a complaint against a taproom in the State of Maryland in an action brought by an underage Pennsylvania drinker who had journeyed into that state, become intoxicated and then returned to his home state where he became involved in a fatal collision. We understand that case is currently on review before our Superior Court.

Likewise, in Trotman v. The Hollow Inn, (No. 83-4895, E.D., Pa., June 22, 1984), another action brought in Pennsylvania against a Maryland bar room was dismissed for lack of in personam jurisdiction.

At best, plaintiff here has suggested that the contacts between defendant liquor establishments and the Commonwealth of Pennsylvania were to be found in the word of mouth referrels of customers who chose of their own volition to travel into New Jersey to enjoy a good time, based upon favorable comments communicated to them from their other Pennsylvania friends and neighbors who had visited the bar rooms themselves on previous occasions. Those contacts, however, originated among the business invitees and patrons themselves rather than as fruits of any active solicitation on the part of the New Jersey business owners and proprietors. For purposes of determining whether an out-of-state business should be subject to the nuisance and inconvenience of defending a court action in our Commonwealth, we believe there must be a showing of much more than mere recommendations, or even invitations, from satisfied third party patrons, where there has been no showing whatso-

ever of any formal business relationship between those satisfied customers and the bar rooms where their contentment originated.

## ORDER

And now, this January 24, 1985, defendants' preliminary objections to plaintiff's complaint are hereby sustained, and the complaint is dismissed for lack of in personam jurisdiction.